CHARLES J. SCHUCK, Judge.
Claimant James S. Roberts, an infant twenty years of age, seeks an award for injuries to a pick-up truck he was driving on the morning of July 21,1948, the injuries to the truck having occurred by reason of an accident on u. s. route 60, within the western corporate limits of the city of South Charleston, in Kanawha county, West Virginia, and, as alleged in claimant’s petition, caused by a defect in the highway at and near the place indicated. The accident occurred about six forty-five o’clock a. m., while he was driving westward on the morning in question. The weather was clear, the highway and road dry, visibility good, and seemingly no obstruction present to interfere in any manner with the proper operation of the truck. The highway (route u. s. 60) is extensively traveled and is the main artery between the city of Charleston and the city of Huntington. Claimant alleges and attempts to prove that defects or an uneven surface in the highway created humps or *28 small anticlines and these, together with several breaks or cracks in the concrete roadbed caused him to lose control of the truck,, which jumped the “island” between the east and west lanes of the highway (it being a four-lane road approximately forty to forty-five feet wide), struck and injured an automobile traveling on the opposite outer lane in an easterly direction. The truck turned over and landed on its top or roof in the opposite or east bound lane. Both the truck and the said automobile were damaged as shown by the evidence adduced.
■ The traffic “island” referred to is about three feet wide and has a six inch high concrete border over which claimant’s truck had to pass before reaching the east bound lane where the collision took place. The driver of the east bound automobile was approximately two hundred feet from claimant’s truck when he first saw the truck veer and jump to the eastbound lane, and fearing, the truck would strike his automobile, immediately drove his car to the extreme right of the lane and against the guardrail to avoid a collision. A careful consideration of these facts leads us to the conclusion that claimant at the time was driving his truck in a highly reckless manner and thus by his negligence caused or at least highly contributed to his accident and therefore he is not entitled to an award.
No defect of any kind in the truck is shown. Its mechanism was seemingly in good repair and if it had been operated in a proper, safe and careful manner, as required by the laws of the state, the accident would never have happened.
As to the alleged defects in the highway the testimony shows no unusual or dangerous dips or breaks, but only such conditions as are daily present on a much traveled highway and over which the state is only called upon to exercise reasonable supervision and maintenance for the safety of the traveling public. The State is not, and cannot be, a guarantor of the safety of an automobile driver while using a highway, and the driver is still charged with the duty of having his car *29 under control at all times, not only as a matter of safety for himself but of fellow travelers as well.
The best evidence as to the condition of the highway at the place of and near the accident was given by the chief of police of the city of South Charleston, who testified that at the place indicated he had driven over the highway in pursuit of violators, at a rate of from fifty to eighty miles an hour, never had anything happen, and that of two hundred sixty-five accidents in the city of South Charleston during the year 1948, the one under consideration was the only one to happen at and near where claimant lost control of the truck and experienced the accident in question. We repeat that a truck under control as required could not pass over or jump a space three feet wide encased in a six inch high concrete border, then travel approximately two hundred feet on the opposite lane if the highway before striking another automobile and turning over on its top or roof. The truck must have been driven at a highly excessive and unlawful rate of speed, and therefore the claimant must be denied an award.
Accordingly, an award is denied and the claim dismissed.